## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NYONA R. DENT | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Misc. No. 1:05MS00196 |
| v. | ) | |
| | ) | **UNITED STATES'S RESPONSE** |
| UNITED STATES DEPARTMENT | ) | **TO MOVANT NYONA DENT'S** |
| OF LABOR, OFFICE OF | ) | **MOTION FOR ORDER** |
| INSPECTOR GENERAL | ) | **(DOC. 1)** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Respondent United States Department of Labor, Office of Inspector General ("OIG") respectfully submits this Response to Movant Nyona Dent's Motion for an Order Pursuant to the Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 ("RFPA"). Movant Dent's Motion should be denied because it was filed untimely, and because the financial records sought by the OIG in this case are relevant to a legitimate law enforcement inquiry. The United States provides the following basis for its response:

### Factual and Statutory Background

### A. The Inspector General Act of 1978

1.      The Inspector General Act of 1978, as amended, creates independent Inspectors General in federal agencies and federal entities, and gives each a mandate to "coordinate audits and investigations relating to the programs and operations" of the agency. Inspector General Act of 1978, 5 U.S.C. app. 3 § 4(a)(1). See also Nat'l Aeronautics and Space Admin. et al. v. Fed'l Labor Relations Authority, et al., 527 U.S.

229, 238-239 (1999). Under the Act, the Inspector General must "prevent[] and detect[] fraud and abuse in [the agency's] programs and operations," 5 U.S.C. app. 3 § 4(a)(3), and report to the Attorney General any possible violations of federal criminal law that it discovers, 5 U.S.C. app. 3 § 4(d).

2.      The Inspector General Act also vests broad subpoena power in the Inspectors General. The Act provides that "each Inspector General . . . is authorized . . . to require by subpena [sic] the production of all information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence necessary in the performance of the functions assigned by this Act . . .". Id. at § 6(a)(4).

### B. The Right to Financial Privacy Act of 1978

3.      The Right to Financial Privacy Act of 1978, 12 U.S.C.A. §§ 3401 *et seq.* ("RFPA"), provides customers of financial institutions with a right to challenge in district court the government's access to certain financial records concerning them and held by financial institutions. See 12 U.S.C.A. §§ 3401 *et seq*.

4.      The RFPA also protects the government's interest in obtaining disclosure of records relevant to a legitimate law enforcement investigation or financial supervisory activity. Under 12 U.S.C. § 3410(c), if the district court finds "that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," it shall deny any motion to challenge and order enforcement of a subpoena. 12 U.S.C. § 3410(c).

5.      In recognition of the Government's need to proceed expeditiously with its criminal investigations, the RFPA imposes a time limitation. "All such proceedings shall be completed and the motion or application decided within seven calendar days of the

filing of the Government's response." 12 U.S.C. § 3410(b). "If the court is unable to determine the motion or application on the basis of the parties' initial allegations and response, the court may conduct such additional proceedings as it deems appropriate." Id.

### C. Movant Dent's Attempt to Quash the Subpoena

6.      On April 25, 2005, the OIG served an administrative subpoena on the financial institution Universal Underwriters Insurance Company to obtain financial records relating to the Movant, Ms. Nyona Dent. See Universal Underwriters Subpoena, attached as Ex. 1. The subpoena was signed and issued on April 20, 2005, but was not served on Universal Underwriters Insurance Company until April 25, 2005. See Wardell Letter to Universal, attached as Ex. 2.

7.      This subpoena was issued as part of an ongoing criminal investigation of a third-party Department of Labor ("DOL") employee. The investigation is designed to determine whether that DOL employee altered her own earnings and leave statements by affixing the names and social security numbers of non-DOL employees on the statements, and for what purpose.

8.      During the investigation of the third-party DOL employee, OIG Special Agent Kelly Wardell discovered a Department of Labor earnings and leave statement containing Movant Dent's name and social security number. See Wardell Declaration ¶ 4, attached as Ex. 3. Movant Dent has never been an employee of the Department of Labor, and as such would never have been issued a DOL earnings and leave statement. See Wardell Declaration ¶ 4, attached as Ex. 3. The OIG is investigating whether the third-party DOL employee misused and altered DOL earnings and leave statements and

provided them to others, including Movant Dent, in order to obtain credit or to qualify for some other benefit which requires proof of employment and earnings.

9. The subpoena seeks to determine whether Movant Dent used one of the altered DOL earnings and leave statements, which contained her name and social security number, in order to obtain automobile financing from Universal Underwiters Insurance Co. See Wardell Declaration ¶ 4, attached as Ex. 3. This investigation is pursuant to the OIG's lawful authority to prevent fraud, waste, and abuse in connection with the Department of Labor's programs and operations.

10. Notice of the subpoena was sent by Federal Express to Movant Dent on April 25, 2005. See Wardell Declaration ¶ 5, attached as Ex. 3. The copy of the notice was signed for and received on April 27, 2005. Id. See also FedEx Tracking Results, attached as Ex. 4. In accordance with 12 U.S.C. § 3405, the materials received by Movant Dent advised her that if she wished to challenge the subpoena,, any such challenge had to be filed within 14 days of the date the subpoena was mailed. See Customer Notice Served On Nyona Dent, attached as Ex. 5.

11. Movant Dent filed a motion to challenge the government's access to these records on May 20, 2005. See Motion to Challenge, Doc. No. 1.

12. On June 3, 2005, pursuant to 12 U.S.C. § 3410(b), this Court ordered the DOL to file a sworn response by June 17, 2005. See Order, Doc. No. 3.

### Discussion

### A. The Customer Challenge Should Be Denied Because Movant Dent Failed To Satisfy The Filing Requirements

13. Movant Dent failed to satisfy the filing requirements of the RFPA because she filed her Customer Challenge 25 days after a copy of the subpoena was mailed to her.

The RFPA requires the customer to file a motion challenging an administrative subpoena within ten days of service or fourteen days of the subpoena's mailing. See 12 U.S.C. § 3410(a) ("Within ten days of service or within fourteen days of mailing of a subpena [sic], summons, or formal written request, a customer may file a motion to quash an administrative summons or judicial subpena, . . ."). Motions filed more than 14 days after the mailing of the subpoena are untimely and should be denied. See Johnson v. SEC, 1994 WL 67954, 1 (S.D.N.Y., March 1, 1994) ("Johnson's motion to quash was filed more than 14 days after the SEC's service of the subpoena, and thus was untimely pursuant to the RFPA").

14.    Movant Dent filed her Customer Challenge on May 20, 2005, 25 days after the copy of the subpoena was mailed to her. The OIG subpoena and required notice papers were sent by Federal Express on April 25, 2005, and were delivered and signed for at Movant Dent's address on April 27, 2005. See Wardell Declaration ¶ 5, attached as Ex. 3. See also FedEx Tracking Results, attached as Ex. 4. Those notice papers informed Movant Dent of her obligation to file any challenge within 14 days. See Customer Notice Served On Dent at 2, attached as Ex. 5. To have filed within fourteen days from the mailing of the subpoena, Movant Dent needed to have filed by May 9, 2005. Her motion was filed ten days past the filing deadline, and no reason for the untimeliness was provided. Accordingly, the motion should be denied.

### B. The Customer Challenge Should Be Denied Because The Financial Records Are Relevant To A Legitimate Law Enforcement Inquiry

15.    Movant Dent's Customer Challenge should also be denied because the subpoena was issued as part of a legitimate law enforcement inquiry, and the financial records are relevant to that inquiry.

16.    Under 12 U.S.C. § 3410(c), if the district court finds "that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," it shall deny the motion to challenge and order enforcement of the subpoena. 12 U.S.C. § 3410(c); see also Collins v. Commodity Futures Trading Comm., 737 F. Supp. 1467, 1481 (N.D. Ill. 1990) ("And within the framework of the RFPA, only three questions are relevant: (1) Is there a legitimate law enforcement inquiry; (2) are the subpoenaed bank records relevant to the inquiry; and (3) has the government agency complied with the requirements of the RFPA?").

17.    A broad test of relevance has been consistently applied to Inspector General subpoenas, under which the agency need only show "that the investigation is within the scope of its authority, and that the requested documents are minimally relevant to that inquiry." United States v. Aero Mayflower Transit Co., 646 F. Supp. 1467, 1472, aff'd 831 F.2d 1142 (D.C. Cir. 1987) (citations omitted); see also United States v. Westinghouse Elec. Corp., 788 F.2d 164, 170 (3rd Cir. 1986).

18.    The records sought by the OIG are highly relevant to the OIG's legitimate law enforcement inquiry. The purpose of the investigation is to determine whether and why the third-party DOL employee altered DOL earnings and leave statements by affixing the names and social security numbers of individuals who never worked for the DOL. Movant Dent's name was found on one of the altered earnings and leave statements, and the subpoenaed records will reveal whether Movant Dent used the altered statement to obtain credit for automobile financing. See Wardell Declaration ¶¶ 3-4,

attached as Ex. 3. This investigation is pursuant to the OIG's lawful authority to prevent fraud and abuse in connection with the Department of Labor's programs and operations.

19.    The subpoena requests only those financial records that are reasonably likely to reveal whether Movant Dent submitted the altered statement to obtain automobile financing, or otherwise held herself out to be a DOL employee. In this respect, the subpoena is directly relevant and not overbroad. See, e.g., Johnson, 1994 WL 67954 at 1 ("The subpoena is not overbroad: the documents requested are bank records reasonably calculated to discover information relevant to the matters under investigation.").

20.    Movant Dent is wrong to argue that the records sought are not relevant to the OIG's legitimate law enforcement inquiry because she has "never been employed by the United States Department of Labor." See Motion to Challenge, Doc. No. 1. To the contrary, the fact that she has never been employed by the DOL is the precise reason why the records are relevant – the OIG seeks to discover whether and why the third-party DOL employee altered an earnings and leave statement to make it appear as though Movant Dent was a DOL employee.

21.    Moreover, the relevance of subpoenaed materials does not depend upon whether the subject of the subpoena is the actual individual under investigation. The Inspector General Act empowers the OIG to issue subpoenas to obtain "all information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence necessary in the performance of the functions assigned by this Act . . ." 5 U.S.C. app. 3 § 6(a)(4), regardless of whether the subject of that information is the target of the investigation. See also Federal Trade Com'n v. Metropolitan Comm. Corp., 1995

WL 634949 at 1 (S.D.N.Y., Oct. 30, 1995) ("A mere assertion that the documents are

irrelevant because one is not a party to the lawsuit, which is all petitioners asserted here,

is insufficient to prove that the records are irrelevant"), citing Hancock v. Marshall, 86

F.R.D. 209, 211 (D.D.C. 1980).


        WHEREFORE, Respondent United States Department of Labor respectfully

requests that this Court deny Movant Dent's Motion to Challenge the United States's

access to these records.  A proposed Order is attached to the response.


                                        Respectfully submitted,


                                        PETER D. KEISLER
                                        Assistant Attorney General

Date: 6 - 17 - 05

                                        _____
                                        MICHAEL F. HERTZ
                                        MICHAEL GRANSTON
                                        MICHAEL J. FRIEDMAN
                                        Attorneys, Civil Division
                                        U.S. Department of Justice
                                        Post Office Box 261
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 307-6697

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

NYONA R. DENT                              )
                                          )
      Movant                              )
                                          )
     v.                                  )    Misc. No. 1:05MS00196
                                          )
UNITED STATES DEPARTMENT                  )
OF LABOR, OFFICE OF                       )
INSPECTOR GENERAL                         )
                                          )
      Respondent                          )
_____)

## **ORDER**

Having reviewed the Response to Motion for an Order Pursuant to the Customer

Challenge Provisions of the Right to Financial Privacy Act of 1978 submitted by the U.S.

Department of Labor, Office of Inspector General, it is this _____ day of _____

, 2005 hereby ORDERED that Movant Nyona Dent's Motion shall be DENIED and the

Office of Inspector General shall be permitted to obtain the records described in the

administrative subpoena issued by the Office of Inspector General to Universal

Underwriters Insurance Company.


                             _____

                             United States District Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of June, 2005, I caused a true and

correct copy of the foregoing document to be served by first-class mail, postage prepaid,

and addressed to:

Service List


Ms. Nyona Dent
1107 Southview Dr., Apt. 201
Oxon Hill, MD 20745-3413

Date: June 17, 2005

_____
MICHAEL J. FRIEDMAN