UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

GOVERNMENT EXHIBIT 3

| | |
|---|---|
| NYONA R. DENT ) | |
| ) | |
| Movant ) | |
| ) | |
| v. ) | Misc. No. 1:05MS00196 |
| ) | |
| UNITED STATES DEPARTMENT ) | DECLARATION OF KELLY |
| OF LABOR, OFFICE OF ) | WARDELL |
| INSPECTOR GENERAL ) | |
| ) | |
| Respondent ) | |
| ) | |

I, Kelly Wardell, depose and say:

1.      I am a criminal investigator (GS-1811) for the U.S. Department of Labor ("DOL"), Office of Inspector General ("OIG"). I currently work for the Office of Labor of Racketeering and Fraud Investigations, Division of Security. The statements made in this declaration are based upon my personal knowledge or upon information that is available to me in my official capacity, and are true and correct to the best of my knowledge.

2.      By the Act of Congress entitled the Inspector General Act of 1978, Public Law 95-452, the Office of Inspector General for the Department of Labor, along with similar offices for other cabinet level departments, was created as a semi-autonomous entity within the Department of Labor to monitor the activities of agency employees and programs, and to prevent fraud, waste, and abuse in DOL programs and operations. Pursuant to this authority, the OIG routinely conducts investigations related to criminal conduct or other serious misconduct of DOL employees.

3.      I am currently involved in an investigation of a third-party DOL employee, under the direction of the U.S. Department of Justice's Public Integrity Section in the District of Columbia.

4.      The OIG is investigating the third-party DOL employee for possible criminal violations related to the employee's possession of altered DOL earnings and leave statements. The OIG received allegations that the third-party employee had altered her own DOL employee earnings and leave statements by affixing the names and social security numbers of non-DOL employees on the statements. Ms. Nyona R. Dent's name and social security number appeared on

one of the altered earnings and leave statements. Ms. Dent is not, and has never been, a DOL employee. An administrative subpoena was issued to the consumer finance institution Universal Underwriters Insurance Company for records pertaining to Ms. Dent to determine whether she submitted any altered DOL earnings and leave statement in order to obtain automobile financing.

5.  Without the disclosure of Ms. Dent's financial records, the criminal investigation would be seriously impaired. Disclosure will allow the OIG to determine whether the altered earnings and leave statement was used to obtain credit or for some other purpose, and will consequently help the OIG determine the nature and scope of any criminal violation.

6.  On April 25, 2005, I sent to Ms. Dent, by Federal Express, a copy of the subpoena and notice forms required under the Right to Financial Privacy Act. On April 27, 2005, "M. Dent" received and signed for the package I sent to Nyona Dent. A copy of the Federal Express tracking report is attached to this declaration.

7.  By May 9, 2005, fourteen days after I sent the package to Ms. Dent, the OIG did not receive any notice of a challenge to the administrative subpoena. On May 10, 2005, I sent the subpoena, along with a certification that I had complied with the notice requirements of the RFPA, to Universal Underwriters Insurance Company.

8.  On June 2, 2005, a package from Universal Underwriters Insurance Company was received at my former office, the Washington Regional Office of the OIG Office of Labor Racketeering and Fraud Investigations, located at 800 North Capitol Street, NW, Washington, DC. That package has not been delivered to me, and no one in the OIG has reviewed its contents.

Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_/s/ Kelly Wardell_
Kelly Wardell
U.S. Department of Labor
June 16, 2005
Washington, DC